United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP BURQUE,<br>　　　　Plaintiff,<br>　v.<br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 17-cv-02725 NC<br><br>**ORDER DENYING UNITED OF OMAHA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 49 |

In this Employment Retirement Income Security Act (ERISA) case, pro se plaintiff Philip Burque seeks to recover long term disability (LTD) benefits under a group policy issued by defendant United of Omaha Life Insurance Company. United of Omaha moves for summary judgment on the sole ERISA claim based on Mr. Burque's failure to exhaust administrative remedies.

Because the Court finds that there is a genuine issue of material fact regarding Mr. Burque's receipt of the denial of his LTD application, such that it is unclear whether Mr. Burque would have known the timeline to exhaust his administrative remedies, the Court DENIES United of Omaha's motion for summary judgment.

**I.　BACKGROUND**

**A.　United of Omaha, Group Policy No. GLTD-96B7**

United of Omaha issued policy number GLTD-96B7 to California Dairies Inc. on

Case No. 17-cv-02725 NC

1 May 1, 2004, and that policy was revised on August 1, 2014. Dkt. No. 49-1 at 7 (the Policy, as attached to the declaration of Trisha Pellett). A rider to the policy, effective August 1, 2014, establishes that Challenge Dairy Products employees are also covered by the policy. *Id*. at 13. The policy describes the procedure for filing, reviewing, and appealing denials of claims for LTD benefits. *Id*. at 51-56. The policy sets forth a 180-day period for appealing an adverse benefit determination (i.e., a denial) upon receipt of the determination. *Id*. at 54. Upon denial of an appeal, a claimant then receives a statement of his or her right to bring a civil action under ERISA. *Id*. at 55.

### B. Mr. Burque's Claim

Mr. Burque was employed by Challenge Dairy Products, Inc. until he went on disability on August 13, 2014. Dkt. No. 32 at 4. He is still on disability. *Id*. In November 2014, Mr. Burque filed for LTD benefits from United of Omaha, and was denied his claim in a letter dated February 20, 2015. *Id*. at 4, 5; Dkt. No. 49-1 at 64-65.

Ms. Pellett, an Appeals Specialist at United of Omaha declared "on information and belief" that the denial letter was mailed to Mr. Burque on March 10, 2015. Dkt. No. 49-1 at 4 (Pellett Decl.). Furthermore, Ms. Pellett stated there was nothing in the record to indicate that the denial letter mailed to Mr. Burque was returned as undeliverable due to an incorrect address or for any other reason. *Id*. United of Omaha furnished the declaration of Kelli Schneckloth, a Supervisor in its Outgoing Mail Department. Dkt. No. 49-2 at 1 (Schneckloth Decl.). Ms. Schneckloth described United of Omaha's regular mailing practices, and declared that based on United of Omaha's records, the February 20, 2015, letter to Mr. Burque "was printed, folded, inserted into an envelope, affixed with the proper postage, and picked up by [the presorting service] for delivery to the USPS on March 9, 2015, and was mailed on March 10, 2015." *Id*. at 3. Mr. Burque denies receiving this denial letter. Dkt. No. 32 at 4. Mr. Burque became aware of the denial of his application in December 2015. *Id*. at 5. It is undisputed that Mr. Burque did not file an administrative appeal of United of Omaha's denial of his LTD benefits claim.

Mr. Burque filed this lawsuit in Santa Clara County Superior Court, but Mutual of

Case No. 17-cv-02725 NC                2

1  Omaha, the original defendant, removed the case on the basis of federal question
2  jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. Mutual of Omaha successfully moved to
3  dismiss the claim against it because it was not the proper defendant. Dkt. Nos. 10, 26.
4  Mutual of Omaha was dismissed from this case on August 31, 2017, and United of Omaha
5  was added as a defendant in the operative First Amended Complaint. Dkt. No. 32. United
6  of Omaha now moves for summary judgment as to the entire action. Dkt. No. 49. Both
7  parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt.
8  Nos. 14, 41.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 56

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

Case No. 17-cv-02725 NC     3

## B. ERISA & Exhaustion of Administrative Remedies

"ERISA protects employee pensions and other benefits by providing insurance . . . , specifying certain plan characteristics in detail . . . , and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996). A participant in or a beneficiary of an employee benefit plan may sue to "recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Yet the Ninth Circuit has "announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995) (citing *Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir. 1980)). As a result, "federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so." *Amato*, 618 F.2d at 568.

## III. DISCUSSION

There is no dispute that Mr. Burque did not appeal United of Omaha's decision internally prior to bringing suit. Instead, Mr. Burque opposes United of Omaha's motion on the basis that he never received the denial of his LTD benefits claim. Mr. Burque asserts that "from Dec. 2014 to May 2015 the Post Office sent many different carrier deliver [sic] people new to the neighborhood and mail was delivered to wrong address or lost." Dkt. No. 53 at 5 (Burque Decl); Dkt. No. 52 at 3.[1]

As a result, this motion comes down to a discussion of the "mailbox rule." As stated by the Ninth Circuit, "[p]roper and timely mailing of a document raises a rebuttable presumption that the document has been timely received by the addressee." *Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir. 1998) (*Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992)). However, the mailbox rule does not always govern, and "the

---

[1] The Court will not in this order consider the declaration of Iliana Sarmiento, which was not signed under penalty of perjury. Dkt. No. 53 at 11.

Case No. 17-cv-02725 NC     4

intended recipients can rebut the presumption by producing credible, probative evidence of non-receipt." *Chavez v. Bank of Am.*, No. 10-cv-00653 JCS, 2011 WL 4712204, at *6 (N.D. Cal. Oct. 7, 2011) (citing *Schikore v. BankAmerica Supp. Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001) ("We have held a sworn statement is credible evidence of non-receipt to rebut the presumption.")). In addition, the presumption of receipt is weaker where delivery was made by regular mail, as compared to certified mail. *Id.* (citing *Salta v. I.N.S.*, 314 F.3d 1076, 1079 (9th Cir. 2002)).

Here, Mr. Burque does not state that he did not receive the denial letter without more. In his declaration he claims that there were issues with the delivery of mail in his neighborhood from December 2014 to May 2015, and that is why he believes that he did not receive the denial letter. Mr. Burque does not assert United of Omaha never *sent* the letter. United of Omaha's mailing practices are therefore not at issue. Yet the Court observes that United of Omaha's arguments regarding its pattern and practice of mailing generated documents is undercut by the fact that the denial letter was dated February 20, 2015, but the letter was not sent until March 9, 2015, 17 days later.

In this motion, all justifiable inferences must be drawn in the light most favorable to Mr. Burque, the non-movant.[2] *Tolan*, 134 S. Ct. at 1863. As a result, the question of whether Mr. Burque received the letter, which was mailed via regular mail, raises an issue of material fact that may not be resolved on summary judgment. *See Chavez*, 2011 WL 4712204, at *6 (holding the denial of receipt of an arbitration agreement in addition to evidence of an incorrect mailing address is sufficient to rebut the presumption of receipt); *c.f. Castro v. Macy's, Inc.*, No. 16-cv-05991 CRB, 2017 WL 344978, at *3 (N.D. Cal. Jan.

---

[2] In its reply, United of Omaha moves to strike portions of Mr. Burque's declaration because he lacks personal knowledge about mail delivery in his neighborhood. Dkt. No. 54 at 7. The Court DENIES this motion, finding that Mr. Burque, as a resident of his neighborhood, would likely be competent to testify on whether or not his mail was getting mis-delivered or not delivered at all during the relevant time period. As to United of Omaha's other objections to Mr. Burque's declaration, the Court does not reach those issues because it does not otherwise rely on his statements in this order. Yet the Court does caution Mr. Burque that at trial he will be required to provide further testimony and evidence of the mail delivery issues he claims existed during December 2014 to May 2015.

Case No. 17-cv-02725 NC    5

24, 2017) (holding that denial of receipt of an arbitration agreement and opt-out form, without more, is insufficient to rebut the presumption of receipt)). To hold otherwise would require the Court to weigh the evidence. This the Court may not do. Thus, United of Omaha's motion for summary judgment is DENIED.

## IV. CONCLUSION

United of Omaha's motion for summary judgment as to the First Amended Complaint is DENIED. The Court reminds the parties that it has scheduled a case management conference for January 31, 2018, at 10:00 a.m., in Courtroom 7, in the San Jose Courthouse. A joint case management statement must be filed by January 24, 2018.

**IT IS SO ORDERED.**

Dated: January 10, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge